UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DARRYL LUST, SR., ) | |
| ) | |
| Plaintiff, ) | No. 16 C 8365 |
| ) | |
| v. ) | Magistrate Judge M. David Weisman |
| ) | |
| NANCY A. BERRYHILL, Acting ) | |
| Commissioner of Social Security,[1] ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Darryl Lust, Sr. brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision denying his application for Social Security benefits. For the reasons set forth below, the Court affirms the Commissioner's decision.

**Background**

Plaintiff filed an application for benefits on July 11, 2012, alleging a disability onset date of December 1, 2010. (R. 84-85.) His application was denied initially on November 30, 2012, and again on reconsideration on May 1, 2013. (R. 84, 94.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"), which was held on March 20, 2015. (R. 30-76.) On April 10, 2015, the ALJ issued a decision denying plaintiff's application. (R. 15-25.) The Appeals Council denied review (R. 1-3), leaving the ALJ's decision as the final decision of the Commissioner. *See Villano v. Astrue*, 556 F.3d 558, 561-62 (7th Cir. 2009).

---

[1] On January 23, 2017, Nancy A. Berryhill succeeded Carolyn W. Colvin as Acting Commissioner of Social Security. *See* https://www.ssa.gov/agency/commissioner.html (last visited July 31, 2017). Accordingly, the Court substitutes Berryhill for Colvin pursuant to Federal Rule of Civil Procedure 25(d).

**Discussion**

The Court reviews the ALJ's decision deferentially, affirming if it is supported by "substantial evidence in the record," *i.e.*, "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *White v. Sullivan*, 965 F.2d 133, 136 (7th Cir. 1992) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). "Although this standard is generous, it is not entirely uncritical," and the case must be remanded if the "decision lacks evidentiary support." *Steele v. Barnhart*, 290 F.3d 936, 940 (7th Cir. 2002).

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). The regulations prescribe a five-part sequential test for determining whether a claimant is disabled. *See* 20 C.F.R. § 404.1520. Under the regulations, the Commissioner must consider: (1) whether the claimant has performed any substantial gainful activity during the period for which she claims disability; (2) if not, whether the claimant has a severe impairment or combination of impairments; (3) if so, whether the claimant's impairment meets or equals any listed impairment; (4) if not, whether the claimant retains the residual functional capacity ("RFC") to perform her past relevant work; and (5) if not, whether he is unable to perform any other work existing in significant numbers in the national economy. *Id.*; *Zurawski v. Halter*, 245 F.3d 881, 885 (7th Cir. 2001). The claimant bears the burden of proof at steps one through four, and if that burden is met, the burden shifts at step five to the Commissioner to provide evidence that the claimant is capable of performing work existing in significant numbers in the national economy. *See* 20 C.F.R. § 404.1560(c)(2).

At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since his application date. (R. 17.) At step two, the ALJ found that plaintiff had the severe impairments of "asthma, sarcoidosis, and degenerative disc disease." (*Id.*) At step three, the ALJ found that plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of a listed impairment. (*Id.*) At step four, the ALJ found that plaintiff had no past relevant work but (R. 23) but has the RFC:

> [T]o lift and carry twenty pounds occasionally and ten pounds frequently and can be in [sic] his feet standing/walking about four hours in an eight-hour workday and sit about six hours, with normal rest periods. He is able to be on his feet about one hour at a time and sit about two hours at a time. He is unable to work at heights, climb ladders, or frequently negotiate stairs. He may only occasionally crouch, kneel, or crawl. He should avoid concentrated exposure to fumes, dust, odors, gases, or poorly ventilated areas. He should avoid frequent twisting and turning of the body.

(R. 18.) At step five, the ALJ concluded that jobs exist in significant numbers in the national economy that plaintiff can perform, and thus is not disabled. (R. 24-25.)

Plaintiff argues that the ALJ improperly evaluated the opinion of plaintiff's treating physician. An ALJ must give a treating physician's opinion controlling weight if "it is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] record." 20 C.F.R. § 404.1527(c)(2); *Scott v. Astrue*, 647 F.3d 734, 739 (7th Cir. 2011). "If an ALJ does not give a treating physician's opinion controlling weight, the regulations require [him] to consider the length, nature, and extent of the treatment relationship, frequency of examination, the physician's specialty, the types of tests performed, and the consistency and supportability of the physician's opinion." *Moss v. Astrue*, 555 F.3d 556, 561 (7th Cir. 2009); *see* 20 C.F.R. § 404.1527(c). The ALJ must give "good reasons" for the weight that he assigns a treating physician's opinion. *Bates v.*

3

*Colvin*, 736 F.3d 1093, 1101 (7th Cir. 2013); *see Roddy v. Astrue*, 705 F.3d 631, 636-37 (7th Cir. 2013).

Dr. Hamb, plaintiff's treating physician, opined that plaintiff: (1) has pain that will interfere with his concentration "constantly"; (2) is incapable of performing even low stress jobs; (3) can only sit for four hours and stand/walk for less than two hours of an eight-hour workday; (4) must walk around for five minutes every hour of an eight-hour workday; (5) will need to take unscheduled breaks five or six times during a workday; (6) needs an assistive device to stand/walk; (7) has "significant limitations in doing repetitive reaching, handling or fingering"; (8) can never stoop or crouch; and (9) will miss work more than four times a month. (R. 368-72.)

The ALJ gave "little weight" to Dr. Hamb's opinion because he only examined plaintiff three times and his opinion was internally inconsistent and unsupported by his own records, diagnostic test results, the opinion of the consultative examiner, and plaintiff's reports of his daily activities:

> . . . . First, the record contains no objective evidence to support Dr. Hamb's contention that the claimant has any limitations with his upper extremities . . . . In contrast, the findings at the consultative examination included full bilateral grip strength, full strength in the upper extremities, and normal ranges of motion in the hands, wrists, elbows, and shoulders. Second, nothing in the record –including Dr. Hamb's treatment notes – indicates the claimant needs or uses any assistive device to ambulate. The claimant did not allege that he needed a cane or other assistive device and he did not have one at any of the examinations documented in the record.
>
> Third, Dr. Hamb's suggestion that the claimant could sit for only four hours in an eight-hour work day is unsupported by the record. The claimant testified that he could sit comfortably for an hour or two. Additionally, Dr. Hamb himself indicated that the claimant could sit for one hour at a time, which suggests an ability to sit for more than four hours total in an eight-hour workday. Fourth, the consultative examination findings belie the assertion that the claimant could lift/carry only ten pounds occasionally. The claimant exhibited full muscle strength throughout all extremities, as well as full grip strength, normal motor

4

function, and normal reflexes. Similarly, Dr. Hamb did not observe the claimant to have any neurological or strength deficits at his examinations.

Fifth, Dr. Hamb only saw the claimant three times, first in November 2013, then again in May 2014 and a third time in January of 2015, the day before [Dr. Hamb rendered his opinion]. This documented treatment does not constitute a significant treatment relationship. Moreover, given that [Dr. Hamb's] primary finding at the examinations was pain, a very subjective thing, it appears his opinion was based heavily on the claimant's subjective reports rather than solely on truly objective signs and findings.

(R. 22-23) (citations omitted).

Plaintiff argues that the ALJ's assessment of Dr. Hamb's opinion is flawed because it does not explicitly address every factor set forth in the governing regulations. The Seventh Circuit, however, has rejected this argument:

Schreiber also argues that the ALJ failed to properly analyze Dr. Belford's opinion because he did not specifically address each factor set forth in 20 C.F.R. § 404.1527. When an ALJ chooses to reject a treating physician's opinion, she must provide a sound explanation for the rejection. *See* 20 C.F.R. § 404.1527(c)(2); *Campbell v. Astrue*, 627 F.3d 299, 306 (7th Cir. 2010). Here, while the ALJ did not explicitly weigh each factor in discussing Dr. Belford's opinion, his decision makes clear that he was aware of and considered many of the factors, including Dr. Belford's treatment relationship with Schreiber, the consistency of her opinion with the record as a whole, and the supportability of her opinion. *See* 20 C.F.R. § 404.1527(c). While we may not agree with the weight the ALJ ultimately gave Dr. Belford's opinions, our inquiry is limited to whether the ALJ sufficiently accounted for the factors in 20 C.F.R. § 404.1527, *see Elder v. Astrue*, 529 F.3d 408, 415-16 (7th Cir. 2008) (affirming denial of benefits where ALJ discussed only two of the relevant factors laid out in 20 C.F.R. § 404.1527), and built an "accurate and logical bridge" between the evidence and his conclusion. We find that deferential standard met here.

*Schreiber v. Colvin*, 519 F. App'x 951, 959 (7th Cir. 2013). As in *Schreiber*, the ALJ's opinion in this case shows that he "considered many of the [regulatory] factors" and "built an accurate

5

and logical bridge between the evidence and his conclusion." *Id.* (quotation omitted). Thus, his failure to address each factor explicitly is not basis for overturning his decision.[2]

Plaintiff fares no better with his contention that the ALJ improperly rejected Dr. Hamb's opinion because it was based largely on plaintiff's subjective complaints. First, that was not the only, or even the primary, reason for the ALJ's rejection of Dr. Hamb's opinion. Second, even if it had been, an ALJ is entitled to reject a treating physician's opinion if it is "based solely on the patient's subjective complaints." *Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008); *see Bates v. Colvin*, 736 F.3d 1093, 1100 (7th Cir. 2013) ("[W]here a treating physician's opinion is based on the claimant's subjective complaints, the ALJ may discount it.") (citing *Ketelboeter*).

In short, the ALJ's assessment of Dr. Hamb's opinion comports with the regulations and is supported by the record. (*See* R. 45-50, 62, 275-78, 292-97.) Thus, it is not a basis for remanding this case.

Alternatively, plaintiff claims that the ALJ's credibility finding does not comport with SSR 96-7p. The Court notes that defendant recently issued new guidance for evaluating symptoms in disability claims, which supersedes SSR 96-7p and "eliminat[es] the use of the term 'credibility'" to "clarify that subjective symptom evaluation is not an examination of an individual's character." *See* SSR 16-3p, 2016 WL 1119029, at *1 (Mar. 16, 2016). Though SSR 16-3p was issued after the ALJ's decision in this case, it is appropriate to apply it here because it is a clarification of, not a change to, existing law, *see Pope v. Shalala*, 998 F.2d 473, 483 (7th Cir, 1993), *overruled on other grounds by Johnson v. Apfel*, 189 F.3d 561 (7th Cir. 1999) (stating that courts give "great weight" to an agency's expressed intent to clarify a regulation), and is

---

[2]Moreover, plaintiff does not identify what the ALJ's analysis failed to substantively consider. For example, while the ALJ did not discuss Dr. Hamb's area of specialty, plaintiff does not even attempt to explain how this oversight would substantively impact the ALJ's consideration of Dr. Hamb's assessment.

substantially the same as the prior regulation. *Compare* SSR 96-7p, 1996 WL 374186 (July 2, 1996), *with* SSR 16-3p, 2016 WL 1119029 (Mar. 16, 2016).

Plaintiff argues that the ALJ's use of boilerplate language condemned by the Seventh Circuit dooms his credibility determination. (*See* R. 18 ("After careful consideration of the evidence, I find that the claimant's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects if these symptoms are not entirely credible for the reasons explained in this decision.")); *see also Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010), *as amended on reh'g in part*, (May 12, 2010) (characterizing similar language as "meaningless boilerplate"). If that were the extent of the ALJ's explanation, the Court would agree. But it is not. After making that statement, the ALJ proceeded to evaluate plaintiff's testimony about his limitations in light of his reported daily activities; the location, duration, frequency, and intensity of his pain and other symptoms; the factors that precipitate and aggravate his symptoms; the type, dosage, effectiveness, and side effects of the medication plaintiff takes to alleviate pain or other symptoms; and the treatment or other measures plaintiff has received for relief of pain or other symptoms. (*See* R. 18-22.) These are precisely the factors SSR 16-3p instructs ALJs to consider in evaluating claimant symptoms. *See* SSR 16-3p, 2016 WL 1119029, at *7. Because the ALJ thoroughly assessed plaintiff's reported limitations in conjunction with the rest of the record evidence, his use of "boilerplate" credibility language, though not laudable, does not doom his assessment. *See Schreiber*, 519 F. App'x at 961 ("[T]he use of such [boilerplate] language is not fatal if the ALJ has otherwise explained his conclusion adequately.") (quotation omitted).

7

Plaintiff further argues that the ALJ engaged in impermissible cherry-picking by failing to evaluate and consider all of the evidence. The Court disagrees. The ALJ considered all of the medical evidence presented, and acknowledged medical evidence that supported and cut against his ultimate conclusions. (*See* R. 18-22 (identifying emergency room visits related to asthmatic issues; noting pulmonary functioning tests with moderate restriction; acknowledging impairments related to neck and back issues).) The ALJ did not ignore countervailing evidence. Rather, he considered such evidence and concluded that plaintiff has certain medical conditions, but they are not disabling.

Plaintiff's last argument is that the medical vocational guidelines[3] mandate a finding of disability, given his age, limited education, lack of work history, and RFC restriction to sedentary work. *See* 20 C.F.R. § 404, subpt. P, App. 2, § 201.00(g) ("Individuals approaching advanced age (age 50-54) may be significantly limited in vocational adaptability if they are restricted to sedentary work. When such individuals have no past work experience or can no longer perform vocationally relevant past work and have no transferable skills, a finding of disabled ordinarily obtains."). Plaintiff is not, however, restricted to sedentary work. (*See* R. 66-67 (vocational expert testifying that there were some light jobs that were compatible with plaintiff's RFC).) Thus, the medical vocational guidelines do not dictate a finding of disability.

---

[3]The medical vocational guidelines are rules that "reflect the analysis of the various vocational factors (i.e., age, education, and work experience) in combination with the individual's residual functional capacity (used to determine his or her maximum sustained work capability for sedentary, light, medium, heavy, or very heavy work) in evaluating the individual's ability to engage in substantial gainful activity in other than his or her vocationally relevant past work." 20 C.F.R. § 404, subpt. P, App'x 2, § 200.00. "Where the findings of fact made with respect to a particular individual's vocational factors and residual functional capacity coincide with all of the criteria of a particular rule, the rule directs a conclusion as to whether the individual is or is not disabled." *Id.*

## Conclusion

For the reasons set forth above, the Court denies plaintiff's motion for summary judgment [9], grants the Commissioner's motion for summary judgment [18], affirms the Commissioner's decision, and terminates this case.

**SO ORDERED.**          **ENTERED:   July 31, 2017**

_____

**M. David Weisman**
**United States Magistrate Judge**